UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARRY WHITE,

        Petitioner,

vs.

CASTRO, Warden,

        Respondent.

No. C 00-3482 PJH (PR)

**ORDER TO SHOW CAUSE**

This is a habeas case filed pro se by a state prisoner. It has been stayed twice at petitioner's request to allow him to exhaust new issues. On March 3, 2008, the court reopened the case and granted petitioner's request to file an amended petition. He has amended; the amended petition will now be reviewed to determine whether an order to show cause should issue.

## BACKGROUND

Petitioner was convicted in Alameda County of attempted murder and was found to have used a firearm and inflicted great bodily injury. He was sentenced to prison for life plus ten years plus three years. He appealed. The California Court of Appeal affirmed his conviction and the California Supreme Court denied his petition for review. Petitioner also has filed several state habeas petitions.

## DISCUSSION

**A.  Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) His Fifth, Sixth, and Fourteenth Amendment rights were violated when the court would not grant a continuance to allow his preferred counsel, rather than a substitute, to argue post-trial motions and at sentencing; (2) the failure to hold a competency hearing violated his due process rights; (3) trial counsel was ineffective in not pursuing the competency issue and not investigating possible mental defenses; (4) defense counsel was ineffective in not following up previous counsel's motion for appointment of mental health experts to assist in investigating a possible diminished capacity defense and not inquiring of petitioner about his drug use with any eye to a diminished capacity defense; (5) counsel who actually appeared at the post-trial motions hearing and sentencing was ineffective; (6) his right to a unanimous jury and his due process right to a fair jury were violated by the trial court's dismissing two holdout jurors; (7) his due process rights were violated by the trial court's refusal to unseal jury records to allow the defense to develop a jury misconduct basis for the new trial motion; and (8) the prosecutor committed misconduct by accusing him on cross-examination of having information about a murder, when the prosecutor knew that the accusation was

false.

In each of these issues petitioner contends that not only were his federal rights violated, but also his rights under the California constitution, and in some of them he also claims that there were violations of California statutes or rules. Federal habeas relief is available only for violations of federal law binding on the states, so the state-law claims will be dismissed. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in interpretation or application of state law).

The portion of issue six in which petitioner contends that his right to a unanimous jury was violated by the discharge of holdout jurors will be dismissed because there is no federal right to a unanimous jury. *See Apodaca v. Oregon*, 406 U.S. 404, 410-12 (1972) (rejecting 6th Amendment right to jury trial challenge to 10-2 state jury verdict). The other half of that claim, that the dismissal violated his Sixth Amendment right to a fair jury, remains in the case.

The other claims are sufficient to require a response.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's California law claims, constitutional and statutory, and his jury unanimity claim, are **DISMISSED**.

2. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3

United States District Court
For the Northern District of California

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: May 30, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.00\WHITE482.OSC4.wpd

4